**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:14-cr-0189-AWI-BAM |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C §2255** |
| v. | |
| JOHN DEREK GITMED, | (Doc. 154) |
| Defendant. | |

**I. Introduction**

This matter arises from the criminal conviction of Defendant John Derek Gitmed ("Defendant"). On August 3, 2015, Defendant pled guilty to trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a)(1). Doc. 90. On December 7, 2015, Defendant was sentenced to 77 months in the custody of the Bureau of Prisons. Docs. 130-131. On February 7, 2017, Defendant filed[1] the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant alleges that his counsel's representation was constitutionally ineffective for three reasons: (1) counsel discouraged Defendant from taking a plea agreement that would have resulted in a more favorable sentence; (2) counsel failed to challenge the

---

[1] Defendant's motion was not received until February 10, 2017. However, the Court applies the mailbox rule to prisoner filings in resolving § 2255 motions. Rules Governing § 2255 Proceedings, R. 3, The Court assumes that Defendant provided his motion to prison officials for mailing on February 7, 2017 because that date appears next to the signature line on his motion.

1

government's calculation of the value of the counterfeit goods sold; and (3) counsel failed to seek reduction of two of Defendant's prior convictions from felonies to misdemeanors prior to sentencing in this action.

For the following reasons, Defendant's motion to vacate will be denied

## II. Legal Standard

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See U.S. v. Quan, 789 F.2d 711, 715 (9th Cir. 1986). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." Calderon v. United States Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." Id. The court must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003).

///

///

**III. Discussion**

A. Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to file a petition to vacate, set aside, or correct a sentence. This period runs from: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(f)(4).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies. In this case, the third starting point specified by Section 2255(f) is not applicable because Defendant does not assert a newly recognized right that has been made retroactive to cases on collateral review. Likewise, there is no claim that new facts supporting the Section 2255 motion could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.

Defendant alleges that a government-created impediment to bringing a Section 2255 motion existed.[2] Specifically, Defendant contends that he "was repeatedly transferred from local/federal/contract facilities (post[-]sentencing) for a total of 8 separate times over the course of 13 months." Doc. 154 at 4. Defendant detailed each of the transfers. Doc. 154 at 2. Defendant contends that "[d]uring the[] transfer periods … [he] could not access any of his legal paperwork … [or] law resources (i.e. – law library) for research purposes." Doc. 154 at 2.[3] Defendant

---

[2] Defendant discusses the alleged government-created only in the context of equitable tolling but, liberally reading Defendant's motion, the Court also considers the impact of that delay on the appropriate start date of the limitations period.

[3] Defendant's declaration is less clear on whether he had his legal documents or law library access during the roughly thirteen-month period after his sentencing where he was transferred between institutions. He states: "I was

contends that he was not given access to a law library or his court records until he arrived at his present place of incarceration (FCI Sheridan), thirteen months after his sentencing. Doc. 154 at 3. Defendant claims that the deprivations prevented him being able to draft the instant petition.

An alleged governmental impediment must be illegal or unconstitutional to toll running of the limitations period. *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir.2002). Complete denial of access to legal resources or personal legal documents may rise to the level of a constitutional violation if the "alleged shortcomings in the library or legal assistance program hindered [the defendant's] efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-1028 (9th Cir. 2005) (discussing deprivation of personal legal materials in the equitable tolling context). If Defendant's allegation—that he was denied law library access and his legal documents for thirteen months after his sentence was imposed—is true, that deprivation may operate as a government-created impediment that would toll running of the one-year limitations period. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (suggesting that denial altogether of access to personal legal papers is an appropriate basis for tolling); *Espinoza-Matthews v. California*, 432 F.3d at 1027-1028.

If Defendant was not completely denied law library access or access to his personal legal documents, the first of the possible starting points for the running of the statute of limitations would apply. If the finality start-date applies, the one-year statute of limitations on Defendant's right to file a motion for habeas review pursuant to Section 2255 began to run on the date that the judgement became final. Where, as here, there was no appeal, the judgment is final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. *See United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir.2000) ("A judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.") In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment. *See* Fed. R. App. Proc. 4(b)(1)(A); Fed. R. App. Proc. 26(a).

---

transferred from one facility to another … at least 8 separate times over the course of 13 months[.] [D]uring these transfer periods, my focus was on testimony I would provide for the government." Doc. 154 at 5.

Judgement against Defendant was entered on December 10, 2015. Therefore Defendant's judgment became final at the latest on December 21, 2015. If the finality start date applies, the one-year statute of limitations imposed by section 2255 began to run on that December 21, 2015 and—absent equitable tolling—the limitations period expired on December 21, 2016. Plaintiff did not file his motion until February 7, 2017.

If Defendant's allegation of complete denial of personal legal documents and law library access is substantiated, Defendant's 2255 motion is timely. Otherwise, Defendant's claim may be time barred. Accordingly, without more evidence the Court cannot determine whether Defendant filed his motion within the time limit created by AEDPA.

B. Waiver

Even assuming Defendant's motion is timely, his claims fail because he has waived his right to seek § 2255 relief. Generally, an express waiver of the statutory right to file a Section 2255 motion bars a defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005) (noting that an express waiver of the right to collateral attack may be unenforceable where a litigant claims that his counsel was ineffective in advising him about the nature of the waiver). A defendant's waiver of his statutory rights is enforceable if the language of the waiver encompasses his right to challenge his conviction on the grounds raised, and if the waiver was knowingly and voluntarily made. *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009); *Abarca*, 985 F.2d at 1014; *see also United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[P]ublic policy strongly supports plea agreements" and enforcement of plea agreements, including waivers of the right to collaterally challenge the conviction).

However, the reach of an appropriate § 2255 waiver is not without limit. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Such a waiver might also be ineffective where the sentence imposed is not in accordance

with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

Here, in the plea agreement, Defendant waived his right to appeal and expressly waived his right contest his sentence under Section 2255. Doc. 87 at 3. Defendant agreed that the waiver of those rights was knowing and voluntary. *Id*. Defendant does not now assert that the waiver was involuntary or that he did not understand the waiver. Ineffective assistance of counsel at sentencing (necessarily post-plea) could not impact the voluntary nature of a plea. *See United States v. Hernandez*, 586 Fed.Appx. 370, 370-371 (9th Cir. 2014); *Ceja v. Untied States*, 2010 WL 4806904. *3 (E.D. Cal. 2010) (same).

Similarly, any ineffective assistance of counsel in relation to a previous plea agreement offered and rejected is also unrelated to the voluntary nature of the acceptance of the plea agreement ultimately accepted. Defendant does not allege that the advice to plead guilty that he ultimately accepted was ineffective such that his plea was involuntary. Defendant merely argues that an antecedent constitutional violation took place; i.e., counsel was ineffective prior to entry of his guilty plea.[4]

Finally, counsel's alleged failure to advise Defendant of the ability to reduce state felony convictions to misdemeanor convictions was equally unrelated to the voluntary nature of the guilty plea entered in this case regarding wholly different conduct.[5]

---

[4] Even assuming this claim was not waived, it fails on the merits. As Defendant details, the first offer that was allegedly misadvised to decline stipulated a sentencing range of 70 to 84 months. Defendant was ultimately sentenced to 77 months in custody. Having been sentenced to a term of imprisonment within the original sentencing range, Defendant cannot show that he was prejudiced by counsel's alleged misadvice.

[5] Even assuming this claim was not waived, it fails on the merits. Federal sentencing guidelines consider prior sentences in calculating criminal history points. *See* U.S.S.G. § 4A1.1. Sentences are not counted toward criminal history point calculations for convictions that have been expunged. *Id.* at cmt. n. (a); U.S.S.G. § 4A1.2(j). However, reduction after the fact of a prior felony conviction does not impact the criminal history point calculation under the federal sentencing guidelines. Even if the convictions were reclassified as misdemeanors, the same criminal history point calculation would result. *See Tran v. United States*, 2016 WL 5339349, *2 (D. Hi. Sept. 22, 2016); *see also* U.S.S.G. § 4A1.2 cmt. n. 12 ("A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law,

In sum, the express language in the plea agreement indicates Petitioner's voluntary waiver of his right to file a Section 2255 motion. None of Defendant's ineffective assistance of counsel claims impact the voluntary nature of the plea. Since the language of the waiver explicitly precludes filing a Section 2255 motion, and that waiver was knowingly and voluntarily made, the waiver is enforceable, and Defendant's motion is barred by that waiver. Defendant's § 2255 motion will be denied on that basis.

D. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.")

If a court denies a section 2255 motion, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the Defendant's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Defendant's section 2255 motion should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Based on the waiver of the right to bring a section 2255 motion, Defendant cannot make the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence is DENIED. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: May 1, 2017

_____
SENIOR DISTRICT JUDGE